Pryor Cashman LLP
7 Times Square
New York, New York  10036
Telephone: (212) 421-4100
*Attorneys for Defendant/Counterclaim-Plaintiff Jeffrey Rubin*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARE ONE, LLC,<br><br>              Plaintiff,<br><br>    v.<br><br>ADINA STRAUS, MOSHAEL STRAUS, JEFFREY RUBIN, BETHIA STRAUS, and the JOEL JAFFE FAMILY TRUST,<br><br>              Defendants. | Civil Action No. 2:15-cv-06375-MCA-LDW<br><br>**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |
| JEFFREY RUBIN,<br><br>              Counterclaim-Plaintiff,<br><br>    v.<br><br>CARE ONE, LLC, DANIEL STRAUS, DES HOLDING CO., INC., and DES-C 2009 GRAT,<br><br>              Counterclaim-Defendants. | **JURY TRIAL DEMANDED** |

Defendant Jeffrey Rubin ("Rubin" or "Defendant"), by and through his attorneys, Pryor

Cashman LLP, for his Answer to the First Amended Complaint (the "Complaint") of

Care One, LLC ("Care One" or "Plaintiff"), Affirmative Defenses and Counterclaims, alleges

and states as follows:

1.      Avers that the allegations set forth in paragraph 1 of the Complaint contain legal conclusions to which no response is required and otherwise denies the allegations set forth in paragraph 1 of the Complaint, except avers specifically that Defendant currently holds a membership interest in Care One and refers the Court to the allegations of and relief sought in the Complaint for a more complete statement of what is purportedly being sought by Care One in this action.

2.      Avers that the allegations set forth in paragraph 2 of the Complaint contain legal conclusions to which no response is required and to the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint and refers the Court to the allegations of and relief sought in the Complaint for a more complete statement of what is purportedly being sought by Care One in this action.

3.      Admits the allegations set forth in paragraph 3 of the Complaint.

4.      Denies the allegations set forth in paragraph 4 of the Complaint and avers that the original Limited Liability Company Agreement of Care One, LLC (the "1999 LLC Agreement") states that Care One was formed on April 30, 1998.

5.      Denies the allegations set forth in paragraph 5 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint regarding the residence of Adina Straus and admits that Adina Straus is the sister of Daniel Straus.

6.      Denies the allegations in paragraph 6 of the Complaint.

7.      Avers that the allegations set forth in paragraph 7 of the Complaint contain legal conclusions to which no response is required.

8.      Avers that the allegations set forth in paragraph 8 of the Complaint contain legal conclusions to which no response is required.

9.      Avers that the allegations set forth in paragraph 9 of the Complaint contain legal conclusions to which no response is required and refers the Court to the allegations of and relief sought in the Complaint for a more complete statement of what is purportedly being sought by Care One in this action.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint, except admits that Care One is a company engaged in business in New Jersey and that it engages in certain of the businesses alleged in paragraph 10 of the Complaint.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint and refers the Court to the allegations of and relief sought in the complaint in the action referenced by Care One in paragraph 11 of the Complaint for a more complete statement of what is purportedly being sought in that action.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint, except to the extent that the allegations set forth in paragraph 12 of the Complaint contain legal conclusions to which no response is required, and avers that the 1999 LLC Agreement states that Care One was formed on April 30, 1998.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint, except admits that Rubin has contributed capital to Care One.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint, and respectfully refers the Court to the documents referenced therein for all of the respective terms and conditions thereof.

17.     Denies the allegations set forth in paragraph 17 of the Complaint, and respectfully refers the Court to the document referenced therein for all of the respective terms and conditions thereof.

18.     Denies the allegations set forth in paragraph 18 of the Complaint, and respectfully refers the Court to the document referenced therein for all of the respective terms and conditions thereof.

19.     Denies the allegations set forth in paragraph 19 of the Complaint except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported date of execution of the 8/21 Written Consent, as defined in paragraph 19 of the Complaint.

20.     The allegations of paragraph 20 of the Complaint state a legal conclusion to which a response is not required.  However, to the extent a response is required, Rubin denies the allegations set forth in paragraph 20 of the Complaint, and respectfully refers the Court to the document referenced therein for all of the respective terms and conditions thereof.

21.     The allegations of paragraph 21 of the Complaint state a legal conclusion to which a response is not required.  However, to the extent a response is required, Rubin denies the allegations set forth in paragraph 21 of the Complaint, and respectfully refers the Court to the documents referenced therein for all of the respective terms and conditions thereof.

22.     The allegations of paragraph 22 of the Complaint state a legal conclusion to which a response is not required.  However, to the extent a response is required, Rubin denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

23.     The allegations of paragraph 23 of the Complaint state a legal conclusion to which a response is not required.  However, to the extent a response is required, Rubin denies the allegations of paragraph 23 of the Complaint regarding the propriety of the valuation methodology contained in the Second Amended and Restated Limited Liability Company Agreement of Care One, LLC (the "2015 LLC Agreement") and denies knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in paragraph 23 of the Complaint since, among other things, he has not been provided with any information regarding the valuation methodology Eureka is purported to have used.

24.     Denies the allegations in paragraph 24 of the Complaint, except avers that he received notice of the purported repurchase of his interest in Care One and a check that he has not deposited.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint.

26.     Avers that the allegations set forth in paragraph 26 of the Complaint contain legal conclusions to which no response is required.  However, to the extent a response is required, Rubin denies the allegations of paragraph 26 of the Complaint.

27.     Denies the allegations of paragraph 27 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint as to why he and the other defendants have been named in this action.

28.     Denies the allegations set forth in paragraph 28 of the Complaint.

29.     Denies the allegations set forth in paragraph 29 of the Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint, and respectfully refers the Court to the document referenced in paragraph 30 of the Complaint for its true and correct contents.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint.

32.     Avers that the allegations set forth in paragraph 32 of the Complaint contain legal conclusions to which no response is required, and respectfully refers the Court to the document referenced in paragraph 32 of the Complaint for its true and correct contents.

33.     Denies the allegations set forth in paragraph 33 of the Complaint.

34.     Avers that the allegations set forth in paragraph 34 of the Complaint contain legal conclusions to which no response is required, and respectfully refers the Court to the document referenced in paragraph 34 of the Complaint for its true and correct contents and otherwise denies the allegations of paragraph 34 of the Complaint, except admits that his employment with COM ended on or around September 30, 2009.

35.     Denies the allegations in paragraph 35 of the Complaint, except to the extent that the allegations set forth in paragraph 35 of the Complaint contain legal conclusions to which no response is required.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint, except to the extent that the allegations set forth in paragraph 36 of the Complaint contain legal conclusions to which no response is required.

## COUNT I

37.     In response to paragraph 37 of the Complaint, Rubin repeats and realleges his responses to paragraphs 1 through 36 as if fully set forth herein.

38.     Denies the allegations set forth in paragraph 38 of the Complaint.

39.     Denies the allegations set forth in paragraph 39 of the Complaint.

40.     Denies the allegations set forth in paragraph 40 of the Complaint, except to the extent that the allegations set forth in paragraph 40 of the Complaint contain legal conclusions to which no response is required.

## COUNT II

41.     In response to paragraph 41 of the Complaint, Rubin repeats and realleges his responses to paragraphs 1 through 40 as if fully set forth herein.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint, except to the extent that the allegations set forth in paragraph 42 of the Complaint contain legal conclusions to which no response is required.

43.     Avers that the allegations set forth in paragraph 43 of the Complaint contain legal conclusions to which no response is required.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint, except to the extent that the allegations set forth in paragraph 44 of the Complaint contain legal conclusions to which no response is required.

45.     Avers that the allegations set forth in paragraph 45 of the Complaint contain legal conclusions to which no response is required, and respectfully refers the Court to the document referenced in paragraph 45 of the Complaint for its true and correct contents.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint, except to the extent that the allegations set forth in paragraph 46 of the Complaint contain legal conclusions to which no response is required.

47.     Avers that the allegations set forth in paragraph 47 of the Complaint contain legal conclusions to which no response is required, and respectfully refers the Court to the document referenced in paragraph 47 of the Complaint for its true and correct contents and admits that his employment with COM ended on or around September 30, 2009.

48.     Avers that the allegations set forth in paragraph 48 of the Complaint contain legal conclusions to which no response is required, and respectfully refers the Court to the document referenced in paragraph 48 of the Complaint for its true and correct contents.

49.     Avers that the allegations set forth in paragraph 49 of the Complaint contain legal conclusions to which no response is required, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint as to what Care One seeks in this action

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

50.     Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

51.     Plaintiff's claims are barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

52.     Plaintiff's claims are barred by its breach of the 1999 LLC Agreement, the Amended and Restated Limited Liability Company Agreement of Care One, LLC (the "2006 LLC Agreement"), and/or the 2015 LLC Agreement.

### FOURTH AFFIRMATIVE DEFENSE

53.     Plaintiff's claims are barred by documentary evidence.

### FIFTH AFFIRMATIVE DEFENSE

54.     The 2015 LLC Agreement should be nullified and rescinded on the basis of Plaintiff's acts or omissions, and/or the acts or omissions on the part of persons and/or entities under Plaintiff's control or who control Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

55.     Plaintiff's claims are barred because they are not ripe for adjudication.

## SEVENTH AFFIRMATIVE DEFENSE

56.     Plaintiff is estopped from effectuating the purported Member Repurchase Option contained in the 2015 LLC Agreement.

## EIGHTH AFFIRMATIVE DEFENSE

57.     Plaintiff is precluded from effectuating the purported Member Repurchase Option contained in the 2015 LLC Agreement owing to, among other things, its failure to comply with all requirements of Section 9.8 of the 2015 LLC Agreement.

## NINTH AFFIRMATIVE DEFENSE

58.      Rubin presently has insufficient knowledge or information upon which to form a belief as to whether he has additional, as yet unstated, affirmative defenses available to him. Rubin reserves the right to assert additional affirmative defenses for which he develops factual support pending or through the course of discovery or otherwise.

## COUNTERCLAIMS

1.      Counterclaim-Plaintiff Jeffrey Rubin ("Rubin" or "Counterclaim-Plaintiff")

repeats and realleges the allegations, averments, responses, denials, and affirmative defenses in

paragraphs 1 through 58 of his Answer as if fully set forth herein as affirmative averments and

allegations in support of his counterclaims, and further alleges against Counterclaim-Defendants

Care One, LLC ("Care One"), Daniel Straus ("Straus"), DES Holding Co., Inc. ("DES") and

DES-C 2009 GRAT ("DES-C" and collectively with Care One, Straus and DES, the

"Counterclaim-Defendants") upon information and belief as follows:

2.      The business that is now Care One commenced in 1998, and has since become a

highly successful operator of post-acute nursing and assisted living facilities.  At Care One's

inception, Messrs. Rubin and Straus were brothers-in-law, and they created Care One with the

understanding that it would operate as a family business, with all of the attendant trust and

confidence of such an enterprise.

3.      As a result, in 1999, Rubin, Straus, Moshael Straus and Bethia Straus – all family

members – and Joel Jaffee, a longtime family advisor, executed the 1999 LLC Agreement, with

each individual becoming a Class A Member of the company.  Importantly, the 1999 LLC

Agreement protected each member's interest in Care One, making it impossible for the

Managing Member, Straus, to unilaterally terminate a member's interest in Care One.

4.      Straus, however, is now attempting to do just that – terminate Rubin's ownership

interest in Care One and pay him far less than the actual value of his ownership interest.

5.      Specifically, on or around August 25, 2015, Rubin received a letter from the Chief Financial Officer of Care One, informing him that Counterclaim-Defendants, all under Daniel Straus' control and holders of a majority of Care One's Class A membership interests, purported to amend Care One's Operating Agreement to add a provision allowing a supermajority of Care One members to effect a repurchase of the membership interests of any Care One member under the newly-minted 2015 LLC Agreement.

6.      Care One also informed Rubin that the Counterclaim-Defendants had thereafter purportedly effected a repurchase of Rubin's Class A membership interests in Care One under the provisions of the 2015 LLC Agreement and that as a result, Rubin was allegedly no longer a member of Care One.

7.      Rubin, however, did not receive notice of either the purported amendment or the attempted repurchase until after both had been completed.

8.      Further, Rubin has not received any information to substantiate the valuation of his interest in Care One or the amount for which Care One purports to have repurchased it.

9.      Both the purported amendment and the attempted repurchase were improper and unlawful attempts by Care One and the Counterclaim-Defendants to deny Rubin of his valuable rights and interest in Care One and the benefits attendant to them.

10.     Based on the facts set out above and in further detail below, Rubin's membership interest in Care One should not be usurped by the Counterclaim-Defendants or at the very least, he is entitled to receive full compensation for it.  Rubin should also be paid all distributions to which he is entitled as a Class A Member of Care One.

## FACTS COMMON TO ALL COUNTERCLAIMS

**A.    Care One Was Formed To Be A Family Owned And Operated Business**

11.    As stated in the 1999 LLC Agreement, Care One was formed on April 30, 1998.

12.    From the outset, Care One was a family business designed to operate in the nursing and assisted living facility industry, in which the Class A Members – all of whom were either family members or close family advisors – had a personal and financial stake in the company.  Indeed, Rubin had always expected that Care One's other members, including Straus, would treat him and his family members in a fair and forthright fashion.

13.    To memorialize their understanding, on or around April 1, 1999, Rubin, Straus, Joel Jaffee, Moshael Straus, and Bethia Straus executed the 1999 LLC Agreement as Care One's Class A Members.

14.    To protect the members' personal and financial interests in Care One, the members enacted, among other provisions, Section 11.4 of the 1999 LLC Agreement, which provided that the members may not amend the Agreement so as to reduce any rights granted to a member, without the consent of such member.

15.    Upon information and belief, on or around July 31, 2006, the 1999 LLC Agreement was amended and came to be replaced by the 2006 LLC Agreement, which itself was later amended.

16.    Upon information and belief, the 2006 LLC Agreement contained the same Section 11.4 that is contained in the 1999 LLC Agreement, which section prevented Care One and any of its members, including Straus, from amending the agreement so as to reduce any other member's rights and interest in the Company.

17.     Thus, the 1999 LLC Agreement, and upon information and belief, the 2006 LLC Agreement that replaced it, manifested the express understanding and agreement that no actions would be taken that would unduly or unjustly undermine the rights and interests of any Care One member.

**B.     Care One Wrongfully Attempts To Revoke Rubin's Ownership Interest**

18.     As described in further detail below, on or around August 21, 2015, the Counterclaim-Defendants purportedly amended the 2006 LLC Agreement to create the 2015 LLC Agreement.

19.     Specifically, on or around August 21, 2015, in contravention of the 2006 LLC Agreement's express terms as well as the implicit scope and purpose of the 2006 LLC Agreement and the 1999 LLC Agreement, including without limitation Section 11.4 of those agreements, Straus and his two entities, DES-C, of which Straus is trustee, and DES, which is 100% owned by Straus, together comprising a majority of Care One's members, purported to amend the 2006 LLC Agreement.

20.     That purported amendment resulted in the 2015 LLC Agreement, which contains a new provision – Section 9.8 – that purportedly authorizes a supermajority of Care One's members to, upon a vote, repurchase the membership interests of any Care One member.

21.     On or around August 24, 2015, Straus, DES-C and DES, comprising a supermajority of Care One's Class A Members, attempted, through Care One, to effect a repurchase of Rubin's Class A membership interest in Care One under Section 9.8 of the 2015 LLC Agreement.

22.     Rubin did not receive any notice of either the purported amendment or of the attempted repurchase until after both events had taken place, nor was he provided with an appraisal of his membership interest in Care One as required by the provisions of Section 9.8 of the 2015 LLC Agreement, including, without limitation, Sub-section 9.8(f).

23.     Section 11.4 of the 1999 LLC Agreement and, upon information and belief, Section 11.4 of the 2006 LLC Agreement, expressly preclude Straus and the other Counterclaim-Defendants from amending the 2015 LLC Agreement to repurchase and effectively extinguish Rubin's Class A membership interest in Care One.  They nevertheless sought to do so, ignoring the plain language of the operating agreements and the manifest protections they afford Care One's members.

24.     Even worse, Care One attempted to repurchase Rubin's Class A membership interest at a price far below the actual value of his interest in Care One.

25.     Specifically, on or around August 25, 2015, Rubin received a letter from V. Matthew Marcos, the Chief Financial Officer of Care One, informing Rubin of the purported amendment and the attempted repurchase (the "August 25 Letter").

26.     The August 25 Letter indicated that Eureka Valuation Advisors ("Eureka"), an outside appraiser hired by Straus in his capacity as Manager of Care One, had valued Rubin's interest in Care One as being worth $546,506.61.

27.     The August 25 Letter did not contain or attach Eureka's appraisal of the value of Rubin's interest, to which appraisal Rubin, as a Care One member, has a right under Sub-section 9.8(f) of the 2015 LLC Agreement.

28.     Nor did the August 25 Letter contain any financial records of Care One, so that Rubin could not undertake his own valuation of the company and his interest in it.

29.     Also, since well before the 2015 LLC Agreement purportedly became operative, Rubin has not received any distributions from Care One, despite being entitled to them in accordance with Article 4 of, and Annex 1 to, the 2015 LLC Agreement and upon information and belief, the provisions of the 2006 LLC Agreement.

**<u>FIRST COUNTERCLAIM FOR BREACH OF CONTRACT</u>**

30.     Rubin repeats and realleges all of the allegations, averments, defenses, and responses in his Answer and all of the allegations in paragraphs 1 through 29 of his Counterclaims as if fully set forth herein.

31.     The 2006 LLC Agreement is a contract that is valid and binding on the parties to it.

32.     Rubin performed all of his obligations under the 2006 LLC Agreement.

33.     The Counterclaim-Defendants purported to amend the 2006 LLC Agreement, adversely affecting Rubin's membership interest in and rights as a member of Care One, and thus, upon information and belief, requiring his consent under Section 11.4 of the 2006 LLC Agreement.

34.     Rubin did not and does not consent to the purported amendment of the 2006 LLC Agreement; indeed, he was not even informed of it until after it had purportedly transpired.

35.     The Counterclaim-Defendants thus breached Section 11.4 of the 2006 LLC Agreement.

36.     Rubin has been damaged by Care One and the Counterclaim-Defendants' breach because his membership interests in and rights in Care One were adversely affected by the addition of Section 9.8, a provision that purports to authorize repurchase of Rubin's membership interests in Care One.  This, by itself, reduced and impaired the value of Rubin's membership interests in Care One and his rights as a member.

37.     Rubin has been damaged as a result of the foregoing in an amount to be determined at trial, but in an amount of no less than $30,000,000.

### SECOND COUNTERCLAIM FOR BREACH OF CONTRACT

38.     Rubin repeats and realleges all of the allegations, averments, defenses, and responses in his Answer and all of the allegations in paragraphs 1 through 37 of his Counterclaims as if fully set forth herein.

39.     Care One effectively contends in its Complaint in this action that the 2015 LLC Agreement is a contract that is valid and binding on the parties.

40.     Rubin has complied with all obligations that he would have under the 2015 LLC Agreement in the event it is determined to be a valid and binding contract.

41.     Section 9.1 of the 2015 LLC Agreement renders null and void *ab initio* any transfer of a Care One membership interest that does not fully comply with all of the terms in Article 9 of the 2015 LLC Agreement of which Section 9.8 is part.

42.     Pursuant to Sub-section 9.8(f) of the 2015 LLC Agreement, all appraisals of membership interests repurchased under the other provisions of Section 9.8 must be provided to Care One members.

43.     The appraisal purportedly performed by Eureka, the outside appraiser hired by Straus in his capacity as Manager of Care One, has never been provided to Rubin, and thus Care One and the other Counterclaim-Defendants have failed to satisfy Sub-section 9.8(f) and their attempted repurchase of Rubin's membership interest is in violation of Section 9.8 of the 2015 LLC Agreement and in breach of that agreement.

44.     Therefore, pursuant to Section 9.1 of the 2015 LLC Agreement, Care One's attempted repurchase of Rubin's membership interests in Care One is null and void *ab initio*.

45.     Rubin has been damaged by Care One's failure to provide him with Eureka's appraisal because he has been unable to evaluate whether Eureka's appraisal was performed impartially, in good faith, and on an independent basis, as is required by Sub-section 9.8(e) of the 2015 LLC Agreement.

46.     Moreover, Rubin has been unable to confirm whether Eureka's valuation is a proper, accurate and complete valuation of his membership interests in Care One.

47.     Rubin has been damaged as a result of the foregoing in an amount to be determined at trial.

**THIRD COUNTERCLAIM FOR BREACH OF CONTRACT**

48.     Rubin repeats and realleges all of the allegations, averments, defenses, and responses in his Answer and all of the allegations in paragraphs 1 through 47 of his Counterclaims as if fully set forth herein.

49.     Care One has breached the 2006 LLC Agreement by failing to make distributions to Rubin between 2009 and when the 2015 LLC Agreement purportedly became operative on or around August 24, 2015.

50.     Care One has also breached Article 4 of the 2015 LLC Agreement, and sections A1.3 to A1.9 of Annex 1 thereto, by failing to make distributions to Rubin since the 2015 LLC Agreement allegedly became operative on or around August 24, 2015.

51.     Rubin has been damaged by Care One's failure to make distributions under the 2006 LLC Agreement and the 2015 LLC Agreement, because he has been deprived of the distributions to which he is entitled as a Class A Member of Care One, all in an amount to be determined at trial, but in an amount of no less than $2,500,000.

## FOURTH COUNTERCLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

52.     Rubin repeats and realleges all of the allegations, averments, defenses, and responses in his Answer and all of the allegations in paragraphs 1 through 51 of his Counterclaims as if fully set forth herein.

53.     Implicit in the 1999 LLC Agreement, the 2006 LLC Agreement and the 2015 LLC Agreement is the understanding that all members of Care One will treat one another in a fair and forthright manner as well as the expectation of shared trust and confidence.

54.     The Counterclaim-Defendants purported to amend the 2006 LLC Agreement in a manner that breached this implied understanding and Rubin was damaged by the purported amendment.

55.     Specifically, the addition into the 2015 LLC Agreement of Section 9.8, a provision that authorized a repurchase of Rubin's membership interests in Care One, reduced Rubin's rights in Care One and the value of his membership interests in Care One, damaging him in an amount to be determined at trial.

56.     Moreover, when Care One, through a purported supermajority of members comprised of the Counterclaim-Defendants, attempted to repurchase Rubin's Care One membership interests without even giving him notice that the 2006 LLC Agreement had been amended, Care One and the other Counterclaim-Defendants breached the understanding implicit in the 2015 LLC Agreement that Care One's members would treat one another in a fair and forthright fashion so as not to deprive members of their rights and interests in the Company.

57.     Rubin was damaged by this breach because Care One now contends that he has been divested of his membership interests in Care One and for a repurchase price that Rubin has no means of verifying – in violation of the requirement of Sub-section 9.8(f) of the 2015 LLC Agreement that he receive an appraisal of the value of his interest – and which price he believes to be profoundly improper and inadequate.

58.     Rubin is entitled to retain his membership interests in Care One or, in the alternative, to receive full and fair compensation for it.

59.     In further breach of the implicit understanding among Care One's Class A Members, Care One has failed to make distributions to Rubin, despite his being entitled to such distributions as a Class A Member of Care One.

60.     All of the foregoing represent and manifest violations of the implied covenant of good faith and fair dealing inherent in the 2006 LLC Agreement and the 2015 LLC Agreement that have injured Rubin in an amount to be determined at trial, but in an amount of no less than $30,000,000.

## FIFTH COUNTERCLAIM FOR AN ACCOUNTING

61.     Rubin repeats and realleges all of the allegations, averments, defenses, and responses in his Answer and all of the allegations in paragraphs 1 through 60 of his Counterclaims as if fully set forth herein.

62.     Mutual accounts exist between and among Counterclaim-Defendants and Rubin by virtue of Rubin being a Class A Member of Care One.

63.     Care One unilaterally maintains its own accounts, without Rubin's involvement.

64.     Accordingly, there are complications regarding the amount and frequency of distributions under Care One's various LLC agreements that make it impossible for Rubin to calculate the amount of distributions to which he is entitled absent an accounting.

65.     Care One has a duty to account to Rubin.

66.     In view of the foregoing, Rubin is entitled to an accounting of the distributions he was to receive under Care One's 2006 LLC Agreement and/or 2015 LLC Agreement.

67.     There are also complications involving the attempted repurchase of Rubin's membership interests in Care One that make it impossible for Rubin to ascertain the value of his membership interests in Care One absent an accounting.

68.     Accordingly, in the event it is determined that Counterclaim-Defendants' attempt to purchase Rubin's membership interests in Care One is valid, Rubin is entitled to an accounting of his membership interests in Care One.

WHEREFORE, it is respectfully requested that judgment be entered in favor of Rubin against the Counterclaim-Defendants as follows:

A.      Dismissing Care One's claim against Rubin for declaratory judgment with prejudice;

B.     Declaring that Rubin is not a "Dissociated Member" as that term is defined in Sub-section 9.8(a) of the 2015 LLC Agreement;

C.     Declaring that Rubin is still a Class A Member of Care One;

D.     On Rubin's First Counterclaim, awarding him damages for Counterclaim-Defendants' breaches of the 2006 LLC Agreement in an amount to be determined at trial, but in an amount of no less than $30,000,000;

E.     On Rubin's Second Counterclaim, awarding him damages for Counterclaim-Defendants' breaches of the 2015 LLC Agreement, in an amount to be determined at trial, but in an amount of no less than $30,000,000;

F.     On Rubin's Third Counterclaim, awarding him damages for Counterclaim-Defendants' breaches of the 2006 LLC Agreement and the 2015 LLC Agreement, in an amount to be determined at trial, but in an amount of no less than $2,500,000;

G.     On Rubin's Fourth Counterclaim, awarding him damages for Counterclaim-Defendants' breaches of the implied covenant of good faith and fair dealing that inheres in the 1999 LLC Agreement, the 2006 LLC Agreement, and the 2015 LLC Agreement, in an amount to be determined at trial but in an amount no less than $30,000,000;

H.     On Rubin's Fifth Counterclaim, directing an accounting against Care One to determine the full and fair amount of distributions from Care One to which Rubin is entitled;

I.     On Rubin's Fifth Counterclaim, awarding Rubin the full and fair amount of distributions to which he is entitled;

J.     In the alternative, on Rubin's Fifth Counterclaim, directing an accounting to determine the full and fair value of Rubin's membership interests in Care One;

22

K.      In the alternative, on Rubin's Fifth Counterclaim, awarding Rubin the full and fair value of his membership interests in Care One; and

L.      Granting Rubin such and further relief as the Court deems just and proper, including punitive damages, attorneys' fees, interest and the costs of this action.

## <u>DEMAND FOR JURY TRIAL</u>

Defendant/Counterclaim-Plaintiff Rubin demands a trial by jury on all causes of action so triable.

Respectfully submitted,

**PRYOR CASHMAN LLP**

By:  /s David C. Rose
        David C. Rose
        Eric M. Fishman
7 Times Square
New York, New York  10036
(212) 421-4100
drose@pryorcashman.com
efishman@pryorcashman.com

*Attorneys for Defendant/*
*Counterclaim-Plaintiff Jeffrey Rubin*

Dated: October 28, 2015

## <u>LOCAL RULE 11.2 CERTIFICATION</u>

Pursuant to Local Civil Rule 11.2, I certify that the matter in controversy in this action is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Respectfully submitted,

**PRYOR CASHMAN LLP**

By:    /s David C. Rose
   David C. Rose
   Eric M. Fishman
7 Times Square
New York, New York  10036
(212) 421-4100
drose@pryorcashman.com
efishman@pryorcashman.com

*Attorneys for Defendant/*
*Counterclaim-Plaintiff Jeffrey Rubin*

Dated: October 28, 2015