MOHEN COOPER & PAPAGIANAKIS LLC
135 Crossways Park Drive, Suite 402
Woodbury, NY 11797
Telephone: (516) 280-8600
*Attorneys for Defendant/Counterclaimant and Third-Party Plaintiff Adina Straus*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARE ONE, LLC,<br><br>    Plaintiff,<br><br> v.<br><br>ADINA STRAUS, MOSHAEL STRAUS,<br>JEFFREY RUBIN, BETHIA STRAUS, and<br>the JOEL JAFFE FAMILY TRUST,<br><br>    Defendants. | Civil Action No. 2:15-cv-06375-MCA-LDW<br><br>**AMENDED ANSWER,<br>COUNTERCLAIMS &<br><u>THIRD-PARTY COMPLAINT</u>**<br><br><br>**JURY TRIAL DEMANDED** |
| ADINA STRAUS,<br><br>   Third-Party Plaintiff,<br><br> v.<br><br>DANIEL STRAUS, DES HOLDING CO.,<br>INC., and DES-C 2009 GRAT,<br><br>   Third-Party Defendants. | |

   Defendant Adina Straus ("Adina Straus" or "Defendant"), by and through her

attorneys, Mohen Cooper & Papagianakis LLC, for her Amended Answer to the First

Amended Complaint (the "Complaint") of Care One, LLC ("Care One" or "Plaintiff"),

Counterclaims and Third-Party Claims, alleges and states as follows:

1.    Avers that the allegations set forth in paragraph 1 of the Complaint contain legal conclusions to which no response is required and otherwise denies the allegations set forth in paragraph 1 of the Complaint, except avers specifically that Defendant currently holds a membership interest in Care One.

2.    Avers that the allegations set forth in paragraph 2 of the Complaint contain legal conclusions to which no response is required and to the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint.

3.    Admits the allegations set forth in paragraph 3 of the Complaint.

4.    Upon information and belief denies the allegations set forth in paragraph 4 of the Complaint and avers that the original Limited Liability Company Agreement of Care One, LLC (the "1999 LLC Agreement") states that Care One was formed on April 30, 1998.

5.    Defendant Adina Straus admits that she is a natural person residing in the State of New York, and that she is the sister of Daniel Straus, but otherwise denies the allegations contained in Paragraph numbered 5 of the Complaint.

6.    Denies the allegations in paragraph 6 of the Complaint.

7.    Avers that the allegations set forth in paragraph 7 of the Complaint contain legal conclusions to which no response is required.

8.    Avers that the allegations set forth in paragraph 8 of the Complaint contain legal conclusions to which no response is required.

9.    Avers that the allegations set forth in paragraph 9 of the Complaint contain legal conclusions to which no response is required and refers the Court to the allegations of and relief sought in the Complaint for a more complete statement of what is purportedly being sought by Care One in this action.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint, except admits that Care One is a company engaged in business in New Jersey and that it engages in certain of the businesses alleged in paragraph 10 of the Complaint.

11.     Admits the reference in Paragraph numbered 11, but otherwise denies the plaintiff's additional comments contained in said Paragraph numbered 11 of the Complaint.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint, except to the extent that the allegations set forth in paragraph 12 of the Complaint contain legal conclusions to which no response is required, and avers that the 1999 LLC Agreement states that Care One was formed on April 30, 1998.

13.     Denies the allegations set forth in paragraph 13 of the Complaint.

14.     Denies the allegations set forth in paragraph 14 of the Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the the allegations set forth in paragraph 17 of the Complaint, and respectfully refers the Court to the document referenced therein for all of the respective terms and conditions thereof.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the the allegations set forth in paragraph 18 of the Complaint, and respectfully refers the Court to the document referenced therein for the respective terms and conditions thereof.

19.     Denies the allegations set forth in paragraph 19 of the Complaint.

20.     The allegations of paragraph 20 of the Complaint state a legal conclusion to which a response is not required. However, to the extent a response is required, Adina Straus denies the allegations set forth in paragraph 20 of the Complaint and respectfully refers the Court to the document referenced therein for all of the respective terms and conditions thereof.

21.     The allegations of paragraph 21 of the Complaint state a legal conclusion to which a response is not required. However, to the extent a response is required, Adina Straus denies the allegations set forth in paragraph 21 of the Complaint and respectfully refers the Court to the documents referenced therein for all of the respective terms and conditions thereof.

22.     The allegations of paragraph 22 of the Complaint state a legal conclusion to which a response is not required. However, to the extent a response is required, Adina Straus denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

23.     The allegations of paragraph 23 of the Complaint state a legal conclusion to which a response is not required. However, to the extent a response is required, Adina Straus denies the allegations of paragraph 23 of the Complaint regarding the propriety of the valuation methodology contained in the Second Amended and Restated Limited Liability Company Agreement of Care One, LLC (the "2015 LLC Agreement") and denies knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in paragraph 23 of the Complaint.

24.     Denies the allegations in paragraph 24 of the Complaint.

25.     Denies the allegations set forth in paragraph 25 of the Complaint.

26.     Avers that the allegations set forth in paragraph 26 of the Complaint contain legal conclusions to which no response is required.  However, to the extent a response is required, Adina Straus denies the allegations of paragraph 26 of the Complaint.

27.     Denies denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28.     Denies the allegations set forth in paragraph 28 of the Complaint.

29.     Denies the allegations set forth in paragraph 29 of the Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint.

## COUNT I

37.     In response to paragraph 37 of the Complaint, Adina Straus repeats and realleges her responses to paragraphs 1 through 36 as if fully set forth herein.

38.     Denies the allegations set forth in paragraph 38 of the Complaint.

39.     Denies the allegations set forth in paragraph 39 of the Complaint.

40.     Denies the allegations set forth in paragraph 40 of the Complaint, except to the extent that the allegations set forth in paragraph 40 of the Complaint contain legal conclusions to which no response is required.

## COUNT II

41.     In response to paragraph 41 of the Complaint, Adina Straus repeats and realleges her responses to paragraphs 1 through 40 as if fully set forth herein.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint, except to the extent that the allegations set forth in paragraph 42 of the Complaint contain legal conclusions to which no response is required.

43.     Avers that the allegations set forth in paragraph 43 of the Complaint contain legal conclusions to which no response is required.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint, except to the extent that the allegations set forth in paragraph 44 of the Complaint contain legal conclusions to which no response is required.

45.     Avers that the allegations set forth in paragraph 45 of the Complaint contain legal conclusions to which no response is required.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint, except to the extent that the allegations set forth in paragraph 46 of the Complaint contain legal conclusions to which no response is required.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint, except to the extent that the allegations set forth in paragraph 47 of the Complaint contain legal conclusions to which no response is required.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Complaint, except to the extent that the allegations set forth in paragraph 48 of the Complaint contain legal conclusions to which no response is required.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Complaint, except to the extent that the allegations set forth in paragraph 49 of the Complaint contain legal conclusions to which no response is required.

## **AFFIRMATIVE DEFENSES**

Without assuming the burden of proof on any issue as to which the burden of proof is on Plaintiff under applicable law, Adina Straus asserts the following defenses:

## **FIRST AFFIRMATIVE DEFENSE**

50.     The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

51.     Plaintiff's claims are barred by the applicable statute or statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

52.     Plaintiff's claims are barred by the doctrines of laches and waiver.

## FOURTH AFFIRMATIVE DEFENSE

53.     Plaintiff is estopped and barred by its own conduct from requesting the relief

requested in the Complaint

## FIFTH AFFIRMATIVE DEFENSE

54.     Plaintiff's claims are barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

55.      Plaintiff was not acting in good faith or for a proper purpose in making

its purported demands.

## SEVENTH AFFIRMATIVE DEFENSE

56.     Plaintiff's claims are barred by its breach of the 1999 LLC Agreement,

the Amended and Restated Limited Liability Company Agreement of Care One, LLC

(the "2006 LLC Agreement") and/or the 2015 LLC Agreement.

## EIGHTH AFFIRMATIVE DEFENSE

57.     The 2015 LLC Agreement should be nullified and rescinded on the basis

of Plaintiff's acts or omissions, and/or the acts or omissions on the part of persons

and/or entities under Plaintiff's control or who control Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

58.      Plaintiff is estopped from effectuating the purported Member Repurchase

Option contained in the 2015 LLC Agreement.

## TENTH AFFIRMATIVE DEFENSE

59.     Plaintiff is precluded from effectuating the purported Member Repurchase Option contained in the 2015 LLC Agreement owing to, among other things, its failure to comply with all requirements of Section 9.8 of the 2015 LLC Agreement.

## RESERVATION

60.     Defendant Adina Straus hereby expressly reserves and does not waive the right to assert any and all defenses at such time and to such extent as discovery and factual developments establish a basis therefore.

## AS AND FOR ADINA STRAUS' COUNTERCLAIMS AGAINST CARE ONE, LLC AND HER THIRD-PARTY COMPLAINT AGAINST DANIEL STRAUS, DES HOLDING CO., INC. AND DES-C 2009 GRAT

1.     Counterclaimant and Third-Party Plaintiff Adina Straus ("Adina Straus") repeats and realleges the allegations, averments, responses, denials, and affirmative defenses in paragraphs 1 through 60 of her Amended Answer as if fully set forth herein as affirmative averments and allegations in support of her counterclaims and third-party complaint, and further alleges against Plaintiff Care One, LLC ("Care One") and Third-Party Defendants Daniel Straus ("Straus"), DES Holding Co., Inc. ("DES") and DES-C 2009 GRAT ("DES-C" and collectively with Straus and DES, the "Third-Party Defendants") upon information and belief as follows:

2.     Upon information and belief, the business that is now Care One commenced in 1998, based on prior Straus family businesses, and has since become a highly successful operator of post-acute nursing and assisted living facilities.  At Care One's inception, Jeffrey Rubin was the spouse of Adina Straus, and Jeffrey Rubin and

Daniel Straus were brothers-in-law; and Care One was developed with the understanding that it would continue to operate the Straus family businesses, with all of the attendant continuing trust and confidence of such an enterprise.

3.      Upon information and belief, in 1999, family members Jeffrey Rubin, Daniel Straus, Moshael Straus and Bethia Straus (and derivatively Adina Straus) – and Joel Jaffee, a longtime family advisor, executed the 1999 LLC Agreement, with each individual becoming a Class A Member of Care One.  The 1999 LLC Agreement protected each member's interest in Care One by making it impossible for the Managing Member, Daniel Straus, to unilaterally terminate any member's interest in Care One.

4.      Daniel Straus, however, has attempted to and continues to seek to do just that – terminate Adina Straus' ownership interest in Care One and pay her far less than the actual value of her ownership interest.

5.      Specifically, on or about September 2015, Adina Straus received a letter from the Chief Financial Officer of Care One informing her that the Plaintiff and Third-Party Defendants, all under Daniel Straus' control and holders of a majority of Care One's Class A membership interests, purported to amend Care One's Operating Agreement to add a provision allowing a supermajority of Care One members to effect a repurchase of the membership interests of any Care One member under a newly-minted 2015 LLC Agreement.

6.      Care One also informed Adina Straus that Care One and the Third-Party Defendants thereafter purportedly effected a repurchase of Adina Straus' Class A membership interests in Care One under the provisions of the 2015 LLC Agreement and that as a result, Adina Straus was allegedly no longer a member of Care One.

7.      Adina Straus, however, did not receive notice of either the purported amendment or the attempted repurchase until after both had been completed.

8.      Further, Adina Straus has not received information to substantiate the valuation of her interest in Care One or the amount for which Care One purports to have repurchased it.

9.      Both the purported amendment and the attempted repurchase were improper and unlawful attempts by Care One and the Third-party Defendants to deny Adina Straus of her valuable rights and interest in Care One and the benefits attendant to them.

10.     Based on the facts set out above and in further detail below, Adina Straus' membership interest in Care One should not be usurped by Care One and the Third-party Defendants or at the very least, she is entitled to receive full compensation for it.  Adina Straus should also be paid all distributions to which she is entitled as a Class A Member of Care One.

## FACTS COMMON TO ALL
## COUNTERCLAIMS AND THIRD-PARTY CLAIMS

A.      **Care One Was Formed As A Family Owned Business**

11.     Upon information and belief, Care One was formed on April 30, 1998.

12.     From the outset, Care One was a family business designed to operate in the nursing and assisted living facility industry, in which the Class A Members – all of whom were either family members or close family advisors – had a personal and financial stake in the company.

13.     Upon information and belief, to memorialize their understanding, on or around April 1, 1999, Jeffrey Rubin (for himself and, his wife at the time, Adina Straus'

interests), Daniel Straus, Joel Jaffee, Moshael Straus and Bethia Straus executed the 1999 LLC Agreement as Care One's Class A Members.

14.     Upon information and belief, to protect the members' personal and financial interests in Care One, the members enacted, among other provisions, Section 11.4 of the 1999 LLC Agreement, which provided that the members may not amend the Agreement so as to reduce any rights granted to a member, without the consent of such member.

15.     Upon information and belief, on or around July 31, 2006, the 1999 LLC Agreement was amended and came to be replaced by the 2006 LLC Agreement, which itself was apparently later amended.

16.     Upon information and belief, the 2006 LLC Agreement contained the same Section 11.4 that is contained in the 1999 LLC Agreement, which section prevented Care One and any of its members, including Daniel Straus, from amending the agreement so as to reduce any other member's rights and interest in the Company.

**B.      Care One Wrongfully Attempts To Revoke Adina Straus' Ownership Interest**

17.     As described in further detail below, upon information and belief, on or around August 21, 2015, Care One and the Third-Party Defendants purportedly amended the 2006 LLC Agreement to create the 2015 LLC Agreement.

18.     Specifically, on or around August 21, 2015, in contravention of the 2006 LLC Agreement's express terms as well as the implicit scope and purpose of the 2006 LLC Agreement and the 1999 LLC Agreement, including without limitation Section 11.4 of those agreements, Daniel Straus and his two entities, DES-C, of which Straus is trustee, and DES, which is 100% owned by Straus, together comprising a

majority of Care One's members, purported to amend the 2006 LLC Agreement.

19.     That purported amendment resulted in the 2015 LLC Agreement, which contains a new provision – Section 9.8 – that purportedly authorizes a supermajority of Care One's members to, upon a vote, repurchase the membership interests of any Care One member.

20.     On or around August 24, 2015, Daniel Straus, DES-C and DES, comprising a supermajority of Care One's Class A Members, attempted, through Care One, to effect a repurchase of Adina Straus' Class A membership interest in Care One under Section 9.8 of the 2015 LLC Agreement.

21.     Adina Straus did not receive any notice of either the purported amendment or of the attempted repurchase until after both events had taken place, nor was she provided with an appraisal of her membership interest in Care One as required by the provisions of Section 9.8 of the 2015 LLC Agreement, including, without limitation, Sub-section 9.8(f).

22.     Section 11.4 of the 1999 LLC Agreement and, upon information and belief, Section 11.4 of the 2006 LLC Agreement, expressly preclude Care One, Daniel Straus and the other Third-Party Defendants from amending the 2015 LLC Agreement to repurchase and effectively extinguish Adina Straus' Class A membership interest in Care One. They nevertheless sought to do so, ignoring the plain language of the operating agreements and the manifest protections they afford Care One's members.

23.     Even worse, Care One attempted to repurchase Adina Straus' Class A membership interest at a price far below the actual value of her interest in Care One.

24.     Specifically, on or around August/September 2015, Adina Straus

received a letter from Care One informing her of the purported amendment and the attempted repurchase (hereinafter called the "August 25 Letter").

25.     The August 25 Letter indicated that Eureka Valuation Advisors ("Eureka"), an outside appraiser hired by Daniel Straus in his capacity as Manager of Care One, had valued Adina Straus' interest in Care One as being worth $546,506.61.

26.     The August 25 Letter did not contain or attach Eureka's appraisal of the value of Adina Straus' interest, to which appraisal Adina Straus as a Care One member, assuming *ad arguendo* that the 2015 LLC Agreement were valid, has a right under Subsection 9.8(f) thereof.

27.     Nor did the August 25 Letter contain any financial records of Care One, so that Adina Straus could not undertake her own valuation of the company and her interest in it.

28.     Also, since well before the 2015 LLC Agreement purportedly became operative, Adina Straus has not received appropriate distributions from Care One, despite being entitled to them in accordance with Article 4 of, and Annex 1 to, the 2015 LLC Agreement and upon information and belief, the provisions of the 2006 LLC Agreement.

## FIRST CLAIM
## FOR BREACH OF CONTRACT

29.     Adina Straus repeats and realleges all of the allegations, averments, defenses, and responses in her Amended Answer and all of the allegations in paragraphs 1 through 28 of her Counterclaims and Third-Party Complaint as if fully set forth herein.

30.     Upon information and belief, the 2006 LLC Agreement is a contract that

is valid and binding on the parties.

31.     Adina Straus performed all of her obligations under the 2006 LLC Agreement.

32.     Care One and the Third-Party Defendants purported to amend the 2006 LLC Agreement, adversely affecting Adina Straus' membership interest in and rights as a member of Care One, and thus, upon information and belief, requiring her consent under Section 11.4 of the 2006 LLC Agreement.

33.     Adina Straus did not and does not consent to the purported amendment of the 2006 LLC Agreement; indeed, she was not even informed of it until after it had purportedly transpired.

34.     Care One and the Third-Party Defendants breached Section 11.4 of the 2006 LLC Agreement.

35.     Adina Straus has been damaged by Care One's and the Third-Party Defendants' breach because her membership interests in and rights in Care One were adversely affected by the addition of Section 9.8, a provision that purports to authorize repurchase of Adina Straus' membership interests in Care One. This, by itself, reduced and impaired the value of Adina Straus' membership interests in Care One and her rights as a member.

36.     Adina Straus has been damaged as a result of the foregoing in an amount to be determined at trial, but in an amount of no less than $30,000,000.

## SECOND CLAIM
## <u>FOR BREACH OF CONTRACT</u>

37.     Adina Straus repeats and realleges all of the allegations, averments, defenses, and responses in her Amended Answer and all of the allegations in paragraphs 1 through 36 of her Counterclaims and Third-Party Complaint as if

fully set forth herein.

38.     Care One effectively contends in its Complaint in this action that the 2015 LLC Agreement is a contract that is valid and binding on the parties.

39.     Adina Straus has complied with all obligations that she would have under the 2015 LLC Agreement in the event it is determined to be a valid and binding contract.

40.     Section 9.1 of the 2015 LLC Agreement renders null and void *ab initio* any transfer of a Care One membership interest that does not fully comply with all of the terms in Article 9 of the 2015 LLC Agreement of which Section 9.8 is part.

41.     Pursuant to Sub-section 9.8(f) of the 2015 LLC Agreement, all appraisals of membership interests repurchased under the other provisions of Section 9.8 must be provided to Care One members.

42.     The appraisal purportedly performed by Eureka, the outside appraiser hired by Daniel Straus in his capacity as Manager of Care One, has never been provided to Adina Straus and thus Care One and the Third-Party Defendants have failed to satisfy Sub-section 9.8(f) and their attempted repurchase of Adina Straus' membership interest is in violation of Section 9.8 of the 2015 LLC Agreement and in breach of that agreement.

43.     Therefore, pursuant to Section 9.1 of the 2015 LLC Agreement, Care One's attempted repurchase of Adina Straus' membership interests in Care One is null and void *ab initio*.

44.     Adina Straus has been damaged by Care One's failure to provide her with Eureka's appraisal because he has been unable to evaluate whether Eureka's appraisal

was performed properly, impartially, in good faith, and on an independent basis, as is required by Sub-section 9.8(e) of the 2015 LLC Agreement.

45.     Moreover, Adina Straus has been unable to confirm whether Eureka's valuation is a proper, accurate and complete valuation of her membership interests in Care One.

46.     Adina Straus has been damaged as a result of the foregoing in an amount to be determined at trial.

**THIRD CLAIM
FOR BREACH OF CONTRACT**

47.     Adina Straus repeats and realleges all of the allegations, averments, defenses, and responses in her Amended Answer and all of the allegations in paragraphs 1 through 46 of her Counterclaims and Third-Party Complaint as if fully set forth herein.

48.     Care One has breached the 2006 LLC Agreement by failing to make distributions to Adina Straus between 2009 and when the 2015 LLC Agreement purportedly became operative on or around August 24, 2015.

49.     Care One has also breached Article 4 of the 2015 LLC Agreement, and sections A1.3 to A1.9 of Annex 1 thereto, by failing to make distributions to Adina Straus since the 2015 LLC Agreement allegedly became operative on or around August 24, 2015.

50.     Adina Straus has been damaged by Care One's failure to make distributions under the 2006 LLC Agreement and the 2015 LLC Agreement, because she has been deprived of the distributions to which she is entitled as a Class A Member of Care One, all in an amount to be determined at trial, but in an amount of no less than $2,500,000.

## FOURTH CLAIM
## FOR BREACH OF THE IMPLIED COVENANT
## OF GOOD FAITH AND FAIR DEALING

51.     Adina Straus repeats and realleges all of the allegations, averments, defenses, and responses in her Amended Answer and all of the allegations in paragraphs 1 through 50 of her Counterclaims and Third-Party Complaint as if fully set forth herein.

52.     Implicit in the 1999 LLC Agreement, the 2006 LLC Agreement and the 2015 LLC Agreement is the understanding that all members of Care One will treat one another in a fair and forthright manner as well as the expectation of shared trust and confidence.

53.     Care One and the Third-Party Defendants purported to amend the 2006 LLC Agreement in a manner that breached this implied understanding and Adina Straus was damaged by the purported amendment.

54.     Specifically, the addition of Section 9.8 into the 2015 LLC Agreement authorizing the repurchase of Adina Straus' membership interests in Care One reduced Adina Straus' rights in Care One and the value of her membership interests in Care One, damaging her in an amount to be determined at trial.  That action was also a breach of the Amendment section of the 2006 LLC Agreement, and Adina Straus was damaged thereby.

55.     Moreover, when Care One, through a purported supermajority of members comprised of the Third-Party Defendants, attempted to repurchase Adina Straus' Care One membership interests without even giving her notice that the 2006 LLC Agreement had been amended, Care One and the Third-Party Defendants breached

the understanding implicit in the 2015 LLC Agreement that Care One's members would treat one another in a fair and forthright fashion so as not to deprive members of their rights and interests in the Company.

56.     Adina Straus was damaged by this breach because Care One now contends that she has been divested of her membership interests in Care One and for a repurchase price that Adina Straus has no means of verifying – in violation of the requirement of Sub-section 9.8(f) of the 2015 LLC Agreement that she receive an appraisal of the fair value of her interest – and which price she believes to be profoundly improper and inadequate.

57.     Adina Straus is entitled to retain her membership interests in Care One or, in the alternative, to receive full and fair compensation for it.

58.     In further breach of the implicit understanding among Care One's Class A Members, Care One has failed to make appropriate distributions to Adina Straus, despite her being entitled to such distributions as a Class A Member of Care One.

59.     All of the foregoing represent and manifest violations of the implied covenant of good faith and fair dealing inherent in the 2006 LLC Agreement and the 2015 LLC Agreement, and all other applicable agreements, that have injured Adina Straus in an amount to be determined at trial, but in an amount of no less than $30,000,000.

## FIFTH CLAIM
## FOR AN ACCOUNTING

60.     Adina Straus repeats and realleges all of the allegations, averments, defenses, and responses in her Amended Answer and all of the allegations in paragraphs 1 through 59 of her Counterclaims and Third-Party Complaint as if fully set forth herein.

61.     Mutual accounts exist among Defendant Care One, the Third-Party Defendants and Adina Straus by virtue of Adina Straus being a Class A Member of Care One.

62.     Care One maintains its own accounts without Adina Straus' involvement.

63.     Accordingly, there are complications regarding the amount and frequency of distributions under Care One's various LLC agreements that make it impossible for Adina Straus to calculate the amount of distributions to which she is entitled absent an accounting.

64.     Care One has a duty to account to Adina Straus.

65.     In view of the foregoing, Adina Straus is entitled to an accounting of the distributions she was to receive under Care One agreements including the 2006 LLC Agreement and/or 2015 LLC Agreement.

66.     There are also complications involving the attempted repurchase of Adina Straus' membership interests in Care One that make it impossible for Adina Straus to ascertain the value of her membership interests in Care One absent an accounting.

67.     Accordingly, in the event it is determined that Care One and the Third-Party Defendants' attempt to purchase Adina Straus' membership interests in Care One is valid, Adina Straus is entitled to an accounting of her membership interests in Care One.

WHEREFORE, it is respectfully requested that judgment be entered in favor of Adina Straus against Plaintiff Care One and the Third-Party Defendants as follows:

A.     Dismissing Care One's claim against Adina Straus for declaratory judgment with prejudice;

B.      Declaring that Adina Straus is not a "Dissociated Member" as that term is defined in Sub-section 9.8(a) of the 2015 LLC Agreement;

C.      Declaring that Adina Straus is still a Class A Member of Care One;

D.      On Adina Straus' First Claim, awarding her damages for Care One and the Third-Party Defendants' breaches of all applicable Care One member agreements including the 2006 LLC Agreement in an amount to be determined at trial, but in an amount of no less than $30,000,000;

E.      On Adina Straus' Second Claim, awarding her damages for Care One and the Third-Party Defendants' breaches of the 2015 LLC Agreement, in an amount to be determined at trial, but in an amount of no less than $30,000,000;

F.      On Adina Straus' Third Claim, awarding her damages for Care One and the Third-Party Defendants' breaches of all applicable Care One member agreements including the 2006 LLC Agreement and the 2015 LLC Agreement, in an amount to be determined at trial, but in an amount of no less than $2,500,000;

G.      On Adina Straus' Fourth Claim, awarding her damages for Care One and the Third-Party Defendants' breaches of the implied covenant of good faith and fair dealing that inheres in the 1999 LLC Agreement, the 2006 LLC Agreement, and the 2015 LLC Agreement, in an amount to be determined at trial but in an amount no less than $30,000,000;

H.      On Adina Straus' Fifth Claim, directing an accounting against Care One to determine the full and fair amount of distributions from Care One to which Adina Straus is entitled;

I.      On Adina Straus' Fifth Claim, awarding her the full and fair amount

21

of distributions to which she is entitled;

J.       In the alternative, on Adina Straus's Fifth Claim, directing an

accounting to determine the full and fair value of Adina Straus' membership

interests in Care One;

K.  In the alternative, on Adina Straus' Fifth Claim, awarding her the full and

fair value of her membership interests in Care One; and

L.     Granting Adina Straus such and further relief as the Court deems just and

proper, including punitive damages, attorneys' fees, interest and the costs of this

action.

## DEMAND FOR JURY TRIAL

Defendant, Counterclaimant and Third-Party Plaintiff Adina Straus demands a

trial by jury on all causes of action so triable.

Dated: December 30, 2015

Respectfully submitted,

**MOHEN COOPER & PAPAGIANAKIS LLC**

s/ Thomas P. Mohen

By: _____

Thomas P. Mohen
Andrew P. Cooper

135 Crossways Park Drive, Suite 402
Woodbury, NY 11797
Telephone: (516) 280-8600
Fax: (516) 759-3234
tmohen@mohencooper.com
acooper@mohencooper.com

*Attorneys for Defendant/ Counterclaimant*
*and Third-Party Plaintiff Adina Straus*